UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| JOHNNY SERIGNY | CIVIL ACTION NO.: 22-755 |
|---|---|
|  | SECTION: |
| VERSUS |  |
|  | DISTRICT JUDGE |
| CROSBY TUGS, L.L.C. | MAGISTRATE JUDGE |

## COMPLAINT

Plaintiff, Johnny Serigny, an individual of the full age of majority and domiciled in Lafourche Parish, Louisiana, respectfully represents as follows:

I.

Made Defendant herein is:

A. Crosby Tugs, L.L.C. (hereinafter "Crosby"), a domestic limited liability company, authorized to and doing business in the State of Louisiana, which has appointed Kurt J. Crosby as its registered agent for the service of process, whose address is 17771 Highway 3235, Galliano, Louisiana 70354.

II.

Plaintiff brings this action pursuant to 46 U.S.C. § 30104, more commonly known as the Jones Act.

III.

Jurisdiction of this matter is conferred by 28 U.S.C. §§ 1331 and 1333 (1); venue of this action is pursuant to 28 U.S.C. § 1391 (b) and (c). This action is filed without the prepayment of costs pursuant to 28 U.S.C. § 1916.

IV.

Upon information and belief, in and prior to October 2020, Defendant, Crosby, owned and operated a vessel whose name is unknown.

V.

At all pertinent times, Defendant, Crosby, employed Plaintiff, Johnny Serigny, as a Jones Ace seaman assigned to the aforementioned vessel.

VI.

Upon information and belief, in and prior to October 2020, Plaintiff was working aboard the vessel whose name is unknown, which was upon navigable waters, when he was working in the engine room and struck his head, said incident being caused as a result of the negligence of Defendant, Crosby, and its employees.

VII.

Plaintiff suffered severe and disabling injuries to his head and neck.

VIII.

The above-described incident was caused by the negligence of Defendant, Crosby, its agents, servants, employees or others for whom it is legally responsible in the following, though not exclusive, respects:

    A.    By failing to provide Plaintiff with a safe place to work;

    B.    In failing to create a safe work environment for Plaintiff;

    C.    In failing to adequately maintain its vessel; and

    D.    Other acts of negligence that will be demonstrated at the trial of this matter.

## SECOND CAUSE OF ACTION

IX.

Now, Plaintiff, Johnny Serigny, alleges a second cause of action based on the general maritime law and reiterates all of the allegations contained Paragraphs I – III.

X.

Upon information and belief, in and prior to April 2021, Defendant, Crosby, owned and operated a towing vessel known as the M/V CROSBY TIDE.

XI.

At all pertinent times, Defendant, Crosby, employed Plaintiff, Johnny Serigny, as a Jones Act seaman assigned to the aforementioned vessel.

XII.

Upon information and belief, in or about April 2021, Plaintiff was working aboard the M/V CROSBY TIDE, which was upon navigable waters, when he was climbing off the boat, slipped and fell, causing him to be severely injured. This incident was caused as a result of the negligence of Defendant, Crosby, and its employees.

XIII.

Plaintiff suffered severe and disabling injuries to his left shoulder and neck.

XIV.

The above-described incident was caused by the negligence of Defendant, Crosby, its agents, servants, employees or others for whom it is legally responsible in the following, though not exclusive, respects:

    A.     By failing to provide Plaintiff with a safe place to work;

    B.     By allowing a slip/trip hazard to exist on the vessel;

C. In failing to create a safe work environment for Plaintiff; and

D. Other acts of negligence that will be demonstrated at the trial of this matter.

DAMAGES FOR FIRST AND SECOND CAUSES OF ACTION

XV.

Due to the injuries sustained by Plaintiff, Johnny Serigny, he has endured physical disability, has suffered grievous physical and mental pain and anguish, embarrassment, and is entitled to recover from Defendant, Crosby, the sum of ONE MILLION AND NO/100 ($1,000,000.00) DOLLARS.

THIRD CAUSE OF ACTION

XVI.

And now, Plaintiff, Johnny Serigny, alleges a third cause of action based on the general maritime law and reiterates all of the allegations contained in the foregoing paragraphs.

XVII.

Under the general maritime law, it was the duty of Defendant, Crosby, to furnish its seamen employees with a safe place to work, with safe gear, appurtenances and equipment, with an adequate crew and a seaworthy vessel.

XVIII.

Plaintiff shows that, upon information and belief, in or about October 2020 and April 2021, Plaintiff was working aboard vessels in navigation and performing the type of work traditionally performed by seamen and, therefore, was owed the warranty of seaworthiness by Defendant, Crosby.

XIX.

Plaintiff avers that the failure of Defendant, Crobsy, to provide Plaintiff with a safe place to work, allowing a slip/trip hazard to exist, and failure to properly maintain its vessels violates the warranty of seaworthiness, and that unseaworthiness was a proximate cause of Plaintiff's incidents and injuries, and his resulting illness and disability.

FOURTH CAUSE OF ACTION

XX.

Now, Plaintiff, Johnny Serigny, alleges a fourth cause of action under the general maritime law for wages, maintenance and cure, past and future, and reiterates all of the allegations contained in the first three causes of action.

XXI.

Plaintiff avers that he is entitled additionally to wages, maintenance and cure, at the rate of FIFTY AND NO/100 ($50.00) DOLLARS per day, for any period, upon information and belief, after October 2020, wherein Defendant will owe Plaintiff wages, maintenance and cure, and to an underdetermined date in the future, during which he is unable to work and perform his duties as a seaman and has not reached maximum cure, which Plaintiff estimates to be in the sum of ONE HUNDRED THOUSAND AND NO/100 ($100,000.00) DOLLARS, and demands compensatory and punitive damages and attorneys' fees in the event that he is required to pursue by proper procedure the recovery of said maintenance and cure.

JURY DEMAND

Pursuant to the provisions of the aforesaid 46 U.S.C. § 30104, more commonly known as the Jones Act, Plaintiff is entitled to and demands a trial by jury on all issues related herein.

**WHEREFORE**, Plaintiff, Johnny Serigny, demands a judgment against Defendant, Crosby Tugs, L.L.C., in the sum of ONE MILLION AND NO/100 DOLLARS ($1,000,000.00) DOLLARS, with legal interest from the date of injury, together with all costs and disbursements of this action and for all appropriate and general relief and for a trial by jury.

Plaintiff further demands judgment against Defendant, Crosby Tugs, L.L.C., for wages, maintenance and cure in the sum of ONE HUNDRED THOUSAND AND NO/100 ($100,000.00) DOLLARS.  Further, in the event it becomes necessary to pursue collection of maintenance and cure, Plaintiff demands compensatory and punitive damages, as well as attorneys' fees, against Defendant.

Plaintiff further prays for all general, legal, equitable and maritime relief available to him under the laws of the United States, and for a civil trial by jury.

Respectfully submitted:

_____
**C. ARLEN BRAUD, II, # 20719**
**MICHELLE O. GALLAGHER, #23886**
**STEVEN D. JACKSON, #35841**
Braud & Gallagher, L.L.C.
111 N. Causeway Blvd., Suite 201
Mandeville, LA 70448
Telephone:    (985) 778-0771
Facsimile:    (985) 231-4663
***Counsel for Plaintiff, Johnny Serigny***

**TO BE SERVED BY SUMMONS:**

**DEFENDANT, CROSBY TUGS, L.L.C.**
*Through its registered agent for service:*
Kurt J. Crosby
17771 Highway 3235
Galliano, Louisiana 70354